UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

NORTHWELL HEALTH, INC.; LENOX HILL HOSPITAL; CONCORDE MEDICAL GROUP, PLLC; JOHN DOES 1–10,,

Defendants.

26-CV-283 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, asserting claims under the Americans With Disabilities Act and the Health Insurance Portability and Accountability Act, and claims under state law. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff filed this complaint against Northwell Health, Inc.; Lenox Hill Hospital; Concorde Medical Group, PLLC; and John Does 1–10. The following facts are drawn from the complaint and publicly available court records.[1] On February 26, 2025, Plaintiff "underwent

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. *See also Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (observing that courts may take judicial notice of public documents, including court records).

Functional Endoscopic Sinus Surgery" at a "separate institution,"[2] after which he experienced complications, including impaired breathing and dizziness. (ECF 1 at 2-3.) In April 2025, post-operative imaging showed "ongoing abnormalties." (*Id.* at 3.) On May 7, 2025, Plaintiff went to the Emergency Room at NYU Langone Hospital with "sinus pressure and headache." (*Id.* at 3.) NYU Langone discharged Plaintiff with instructions to follow up with an "ENT" [Ear, Nose, and Throat] practice, "not neurology or vestibular specialists." (*Id.*)

Later that day, Plaintiff was "evaluated" by providers affiliated with Defendants, and they "redirect[ed]" him "towards vestibular testing," which, Plaintiff, asserts, was "incompatible with" his "presenting complaints, post-operative status, and contemporaneous imaging." (*Id.*) According to Plaintiff, Defendants failed to provide "post-operative continuity-of-care" by failing to "document": (1) a "secured accepting provider for ongoing ENT management"; (2) a "physician-to-physician transfer"; and (3) a "structured continuity-of-care plan." (*Id.*) Plaintiff further asserts that Defendants violated his rights under HIPAA, 45 C.F.R. § 164.524, by failing to provide him with his complete medical "Designated Record Set ("DRS"). (*Id.*) He also purports to assert a state-law claim of "Negligent Administration and Record Handling (State Law) (Against All Defendants)," and he claims that Defendants "breached duties of reasonable care in administering post-operative follow-up, record handling, and continuity processes." (*Id.* at 4-5.)

Plaintiff characterizes Defendants' actions as a "procedural category error," and avers that his complaint is not "a clinical judgment dispute" and that he does "not plead medical

[2] That institution is Mt. Sinai Hospital, which is not a defendant in this action. Plaintiff filed a separate lawsuit against Mt. Sinai Hospital. *See Moody v. The Mount Sinai Hosp.*, No. 25-CV-08859 (JHR) (VF) (S.D.N.Y.) (pending);

malpractice and does not ask the Court to adjudicate medical merits." (*Id.* at 1.) He seeks declaratory and injunctive relief and money damages (*Id.* at 5-6.)

Plaintiff has filed the following motions, which remain pending: a "Rule 60(b)(4) motion to declare the court's non-actions void for failure to exercise jurisdiction"; a motion "to compel § 1915 screening and judicial assignment"; a "notice of structural defects and required corrective action"; a renewed emergency motion for preservation and injunctive relief; a motion to "compel administrative, procedural, and structural compliance; a "consolidated notice of CA2 docketing defects, deprivation of appellate access, and motion to compel transmission confirmation; and notice of sua sponte assignment, IFP order signed without judicial assignment, documented pattern of mandatory obligation failures, and preservation of all objections." (ECF 7-13.)

## DISCUSSION

### A. Disability discrimination claims

Title III of the Americans with Disabilities Act ("ADA") prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the Rehabilitation Act ("RA"), "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). The substantive standards for claims under the ADA and the RA are substantially the same, *Wright v. N.Y. State Dep't of Corrs*., 831 F.3d 64, 72 (2d Cir. 2016), although a claim under the RA must be supported by allegations that the benefit is part of a "program or activity receiving Federal financial assistance," *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998) (internal quotation marks and citation omitted).

To state a claim under either of these statutes, a plaintiff must allege facts showing that (1) he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability. *See Krist v. Kolombos Rest., Inc.*, 688 F.3d 89, 94-95 (2d Cir. 2012) (Title III of the ADA); *Harris v. Mills*, 572 F.3d 66, 73-74 (2d Cir. 2009) (RA). Under the ADA and RA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C) (ADA); 29 U.S.C. § 705(20)(B) (RA incorporating by reference the ADA's definition).

The Second Circuit has held that in situations like this, where the plaintiff challenges "the substance of the services provided" but does not assert "illegal discrimination," there is no violation of the federal disability statutes. *Doe*, 148 F.3d at 84; *see e.g., Schnauder v. Gibens*, 679 F. App'x 8, 10 (2d Cir. 2017) (summary order) (rejecting assertion that denial of medical treatment constituted a failure to reasonably accommodate a disability); *Cushing v. Moore*, 970 F.2d 1103, 1109 (2d Cir. 1992) (holding that the RA "does not create a cause of action based on a [disability] that is directly related to providing the very services at issue"); *United States v. Univ. Hosp.*, 729 F.2d 144, 156 (2d Cir. 1984) (explaining that "where medical treatment is at issue, it is typically the [disability] itself that gives rise to, or at least contributes to, the need for services," and thus holding that the RA "prohibits discrimination against a [disabled] individual only where the individual's [disability] is unrelated to, and thus improper to consideration of, the services in question").

Here, Plaintiff fails to state a claim under the ADA or RA. First, Plaintiff does not allege sufficient facts to suggest that he has a disability as defined by the ADA and RA. He allegedly experienced complications after undergoing sinus-related surgery, but does not identify his disability or set forth facts showing that his alleged disability "substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *see Bragdon v. Abbott*, 524 U.S. 624, 637-39 (1998) (concluding that asymptomatic human immunodeficiency virus, or HIV, is covered by the ADA because it "substantially limits" the person's ability to reproduce, which is a "major life activit[y]").

Even if the Court assumes that Plaintiff has a disability as defined by the statutes, he does not allege facts suggesting that he was denied Defendants' services or otherwise discriminated against with respect to Defendants' services because of his disability. According to Plaintiff, Defendants allegedly steered him towards testing that was not suited to the circumstances of his case; did not provide proper follow-up care; and negligently administered or handled his medical records. He alleges no facts giving any indication that these acts or omissions occurred because of, or based upon, his disability. In other words, his claims challenge "the substance of the services provided" rather than "illegal discrimination." *Doe*, 148 F.3d at 84.

Accordingly, the Court dismisses Plaintiff's disability discrimination claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Health Insurance Portability and Accountability Act of 1996**

Plaintiff alleges that, by failing to provide him with his complete medical "Designated Record Set ("DRS"), Defendants violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Assuming that such an act or omission implicates HIPAA, the Court must nevertheless dismiss Plaintiff's claim, because HIPPA does not provide for a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir.

2020); *Rzayeva v. U.S.,* 492 F. Supp. 2d 60, 83 (D. Conn. 2007) (holding that enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services). The Court therefore dismisses Plaintiff's claim under HIPAA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. State-law claims**

Plaintiff also asserts state-law claims. For the reasons set forth below, the Court cannot exercise jurisdiction of these claims.

**1. Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state-law claims, however, when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**2. Diversity jurisdiction**

A federal district court also can consider state-law claims under its diversity jurisdiction. To establish diversity jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different states. *See* § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled,

which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* The citizenship of a limited liability company is determined by the citizenship of each of its members. *Carter v. HealthPort Techs, LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

There is a second component to diversity jurisdiction—the amount in controversy must be in excess of the sum or value of $75,000. *See* Section 1332(a). The sum claimed by a plaintiff will control if the claim of value is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet his burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, No. 18-CV-7965 (RA), 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019); *Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

Plaintiff provides an address for himself in Georgia, but he does not allege that he is domiciled there. He also does not provide facts about the domicile of any individual Defendants or about who the general or limited partners of Concorde Medical Group, PLLC, are or where they are domiciled. There are also no facts in the complaint demonstrating that the amount in controversy exceeds the sum or value of $75,000. Accordingly, Plaintiff has failed to allege facts

showing that the Court has diversity jurisdiction of any state-law claims he is asserting. The Court dismisses Plaintiff's state-law claims without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**D. Motions**

Currently pending are Plaintiff's motions to "declare the court's non-actions void for failure to exercise jurisdiction" and "to compel § 1915 screening and judicial assignment"; a "notice of structural defects and required corrective action"; a renewed emergency motion for preservation and injunctive relief; a motion to "compel administrative, procedural, and structural compliance; a "consolidated notice of CA2 docketing defects, deprivation of appellate access, and motion to compel transmission confirmation; and notice of sua sponte assignment, IFP order signed without judicial assignment, documented pattern of mandatory obligation failures, and preservation of all objections. (ECF 7-13.)

Because Plaintiff is proceeding IFP, the Court was required, pursuant to 28 U.S.C. § 1915(e)(2)(B), to screen his complaint. The Court has now done so, and has directed him to amend his complaint to address the deficiencies identified in this order. Accordingly, the motion to "compel" screening is denied as moot. Until Plaintiff files an amended pleading that satisfies federal pleading rules, he is not entitled to the other relief he seeks, and the Court denies the other motions without prejudice.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

In an abundance of caution, the Court grants Plaintiff 30 days' leave to file an amended complaint.[3] In any amended complaint Plaintiff files, he must provide facts that support a plausible claim arising under state or federal law and that show that the Court has subject matter jurisdiction of this action. *Cf. Roberts v. United States*, No. 24-CV-1512 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that before filing any lawsuit, he "must make a good faith investigation into whether [he] has a nonfrivolous legal claim").

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court denies all pending motions without prejudice, and the Clerk of Court is directed to terminate them. (ECF 7-13.)

[3] Plaintiff is now barred under 28 U.S.C. § 1651 from filing new actions IFP without prior leave of court. *Moody v. Emory Healthcare Inc.*, No. 26-CV-1478 (LTS) (S.D.N.Y. May 15, 2026) (entering bar order after giving Plaintiff notice and opportunity to show cause why a filing injunction should not enter). Plaintiff filed this complaint before the bar order entered.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.